# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Levonne Jomarrio Greer,

        Petitioner,        Case No. 18-cv-12143

v.                              Judith E. Levy
                               United States District Judge

Daniel Lesatz,
                               Mag. Judge R. Steven Whalen
        Respondent.

_____/

## OPINION AND ORDER (1) GRANTING MOTION TO AMEND PETITION [10], DIRECTING SERVICE AND GRANTING ADDITIONAL TIME TO FILE AN ANSWER, AND (2) DENYING MOTION FOR APPOINTMENT OF COUNSEL [8]

Levonne Jomarrio Greer filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. 1.) As originally filed, he raised two claims for relief, and Magistrate Judge R. Steven Whalen signed an order requiring Respondent to file an answer by January 24, 2019. (Dkt. 7.) No answer has yet been received, but Petitioner has in the meantime filed two motions: the first for the appointment of counsel; and the second, to amend his petition to add additional claims. (Dkts. 8, 10.)

For the reasons that follow, the Court will grant Petitioner's motion to amend but deny his motion for the appointment of counsel.

\*

The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F.3d 680, 686 (8th Cir. 1999) (citing Fed. R. Civ. P. 15). Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998). A motion to amend a habeas petition may be denied when it has been unduly delayed and when allowing the motion would prejudice the nonmovant. *Smith v. Angelone*, 111 F.3d 1126, 1134 (4th Cir. 1997) (internal citations omitted). Mere delay on its own is insufficient. *Coe*, 161 F.3d at 342.

At this stage in the proceedings, the Court sees no reason not to permit the amendment. The proposed petition advances new claims that may have merit. *See Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016). And because Petitioner filed the motion before Respondent filed an answer to the original petition, there is little risk of substantial prejudice. *See Anderson v. United States*, 39 F. App'x 132, 136 (6th Cir.

2002). Petitioner's motion will therefore be granted, and the Court will order that the Clerk of the Court serve a copy of the amended petition and a copy of this order on Respondent and on the Attorney General for the State of Michigan by first class mail. *See Coffee v. Harry*, 2005 WL 1861943, * 2 (E.D. Mich. Aug. 2, 2005). Because the Court will permit Petitioner to amend, Respondent is given an additional one hundred and twenty (120) days to file an answer to ensure that he has sufficient time to address all the issues. *See Stewart v. Angelone*, 186 186 F.R.D. 342, 344 (E.D. Va. 1999).

The Court will deny Petitioner's motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is therefore within the discretion of the court and is required only where the interests of justice so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). In general, the interests of justice require it only where, given the difficulty of the case and the petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he has a reasonable chance of prevailing on the merits. *See Thirkield v.*

*Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Alternatively, counsel is required if the district court determines that an evidentiary hearing is necessary. *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004).

In the present case, until the Court reviews the pleadings filed by Respondent, the Court is unable to determine whether an evidentiary hearing is necessary or required, nor whether Petitioner has a reasonable chance of prevailing. Therefore, at this point in time, the appointment of counsel is not necessary. But the Court will reconsider the motion if, following receipt of the responsive pleadings, it becomes clear that the interests of justice require it.

Accordingly, **IT IS ORDERED** that (1) the motion to amend the petition is **GRANTED** (Dkt. 10); the Clerk of the Court shall serve the amended petition and a copy of this order on Respondent and the Attorney General for the State of Michigan; and, Respondent has one hundred and twenty days (120) days from the date of this order to file an answer. In addition, (2) the motion for the appointment of counsel is

**DENIED** without prejudice (Dkt. 8.)

IT IS SO ORDERED.

Dated: January 10, 2019  　　　s/Judith E. Levy  
　Ann Arbor, Michigan　　　　JUDITH E. LEVY  
　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 10, 2019.

　　　　　　　　　　　　　　s/Shawna Burns  
　　　　　　　　　　　　　　SHAWNA BURNS  
　　　　　　　　　　　　　　Case Manager