UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEVONNE JOMARIO GREER,

    Petitioner,

v.                                     Civil No. 4:18-CV-12143
                                       Stephanie Dawkins Davis
DANIEL LESATZ,              United States District Judge

    Respondent.
_____/

## OPINION AND ORDER DENYING MOTION
## FOR RECONSIDERATION (ECF No. 24)

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, through counsel Dana B. Carron. This court denied the petition, declined to issue a certificate of appealability and denied leave to appeal *in forma pauperis*. *Greer v. Lesatz*, No. 4:18-CV-12143, 2021 WL 1056628 (E.D. Mich. Mar. 18, 2021). Petitioner has now filed a motion for reconsideration. Respondent filed a response in accordance with the court's directive. (ECF No. 28). The court held a hearing on November 1, 2021. (ECF No. 27). For the reasons that follow, the motion for reconsideration is **DENIED**.

U.S. Dist. Ct. Rules, E.D. Mich. 7.1(h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled on by the court, either expressly or by reasonable implication, will not be granted. *Michigan Regional Council of Carpenters v. Holcroft L.L.C.*

1

195 F. Supp. 2d 908, 911 (E.D. Mich. 2002) (citing to U.S. Dist. Ct. Rules, E.D. Mich. 7.1(g)(3)).  A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof.  *Id.*  A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain.  *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Petitioner argues that the court erred in rejecting his claim that his confession should have been suppressed because it was induced by the interrogating detective's promises of leniency.  Petitioner also claims that the court inappropriately relied on *United States v. LeBrun*, 363 F.3d 715 (8th Cir. 2004) and *United States v. Charlton*, 737 Fed. Appx. 257 (6th Cir. 2018).  In evaluating Petitioner's assertions of error, the court must first bear in mind the applicable standard of review for habeas petitions under 28 U.S.C. § 2254(d), which requires the court to assess whether the state court decision is contrary to or involved an unreasonable application of clearly established Supreme Court precedent or is based on an unreasonable determination of the facts in light of evidence presented in the state court proceeding.  *Id*.  A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially

indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

"[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

In assessing whether a defendant's will was overborne in a particular case, the Supreme Court requires the court to evaluate the totality of all the surrounding circumstances, which includes both the characteristics of the accused and the details of the interrogation. *Schneckloth v. Bustamonte*, 412 U.S. 219, 266 (1973). Supreme Court precedent commands an examination of a multitude of factors, including, but not limited to: the youth of the accused; his lack of education or his low intelligence; the lack of any advice to the accused of his constitutional rights;

3

the length of detention; the repeated and prolonged nature of the questioning; and the use of physical punishment such as the deprivation of food or sleep. "In all of these cases, the Court determined the factual circumstances surrounding the confession, assessed the psychological impact on the accused, and evaluated the legal significance of how the accused reacted." *Id*. (citations omitted).

In applying the totality of the circumstances mandated by the Supreme Court, the Sixth Circuit has concluded a promise of leniency renders a confession involuntary only where fair-minded jurists could conclude that the promise was broken or illusory. *Robinson v. Skipper*, 2020 WL 4728087, at *2 (6th Cir. July 13, 2020) (citing *United States v. Binford*, 818 F.3d 261, 271-72 (6th Cir. 2016) (explaining that although broken or illusory promises may be coercive, "promises to recommend leniency and speculation that cooperation will have a positive effect do not make subsequent statements involuntary" (quoting *United States v. Delaney*, 443 Fed. Appx. 122, 129 (6th Cir. 2011)). Here, the Michigan Court of Appeals addressed the totality of the circumstances, including the alleged promises made by Detective Carlson, as follows:

> We conclude from our review of the totality of the circumstances, in light of the *Cipriano* factors, that defendant's confession was voluntary. At the time he made the challenged statements, defendant was 22 years old, of at least average intelligence, and, by his own admission, experienced with the police. After being apprised of his *Miranda* rights, defendant voluntarily

> waived them, and although the interview lasted over three hours, the length was not per se unreasonable. There is no evidence he was injured, intoxicated, drugged, or in ill health. He had something to eat at the police station prior to the interview, was not denied sleep or medical attention, and at no time was he physically abused or threatened with abuse. The record simply does not support the conclusion that defendant's will was overborne or his capacity for self-determination critically impaired. *See id.*
>
> It is true that some of the statements Detective Carlson made could be interpreted as promises of leniency, suggesting defendant would achieve a more favorable outcome if he cooperated than otherwise. That defendant hoped for the detective's help is indisputable; that he confessed in reliance on it is not. Detective Carlson made no specific promises regarding charges or sentencing. For these reasons, we conclude that defendant's confession was voluntary, and affirm the trial court's admission of the taped confession into evidence.

*People v. Greer*, No. 318286, 2015 WL 302684, at *2-3 (Mich. Ct. App. Jan. 22, 2015) (internal footnote omitted). Petitioner points to excerpts of the interrogation transcript suggesting that he was promised he would serve no prison time. A fair-minded jurist could conclude from a review of the entire transcript, however, that this is not the case. Instead, while Detective Carlson said he would help him in response to petitioner's question that "I won't have to do no years," it was also apparent that Petitioner understood that he was going to have to serve a prison sentence. (ECF No. 18-19, PageID.1120, pp. 99-100; PageID.1127, p. 122 ("You know I'm gonna end up doing some time to be honest."); PageID.1128, pp. 128-

5

129 ("A: Ending up going to prison. Right? Q: …there's a good chance…there's got to some type of consequence…")). Additionally, it is reasonable to conclude from the context of the conversation between Petitioner and Carlson that when they were talking about not going to "prison," they were actually referencing Petitioner being taken to jail. (ECF No. 18-19, PageID.1125, pp. 120-121) ("Andy, can you get me out of prison tomorrow?"). They discussed this further when Carlson indicated that he could have Petitioner housed at the Bay County jail, instead of Saginaw County jail, where Petitioner feared retribution. (ECF No. 19-19, PageID.1131, pp. 139-140). The discrete instances of "promises" cited by Petitioner are surrounded by repeated discussions of a probable prison sentence. Thus, considering the interrogation as a whole, fairminded jurists could find the state court's determinations that (1) Petitioner did not rely on any promises about sentencing or charges, and (2) Petitioner's will was not overborne by the representations made by Carlson to have been reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

As to Petitioner's claim that the court erred in relying on *LeBrun* and *Charlton, supra*, the court concludes that no error occurred. While there are distinguishing facts in both cases, it was not inappropriate for the court to point to these cases as examples of circumstances where a confession was found to be voluntary despite promises or perceived promises made by officers. *See e.g.,*

6

*Phelps v. Berghuis*, 2011 WL 2693353, at *4 (E.D. Mich. July 12, 2011), aff'd sub nom. *Phelps v. Smith*, 517 Fed. Appx 379 (6th Cir. 2013) ("While it is true that section 2254(d)(1) requires federal courts to limit its review to a determination of whether a state court's decision was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court, this does not mean that circuit court decisions are never relevant to a habeas case."). The factual differences present in the challenged cases do not render them useless in evaluating application of the totality of the circumstances test, which is an appropriate use for them. Furthermore, Petitioner has not demonstrated how a different outcome would have resulted had the court not looked to these two cases. Importantly, the framework and principal cases upon which the court relied in weighing the state court's voluntariness evaluation was the Supreme Court's decision in *Miller v. Fenton*, 474 U.S. 104, 109 (1985) and its progeny. (ECF No. 22, PageID.1429-30).

Moreover, even if the confession were deemed to have been coerced, there remains additional, overwhelming evidence supporting Petitioner's conviction, which renders any error in its admission harmless. *Arizona v. Fulminante*, 499 U.S. 279, 295 (1991) (The harmless-error analysis applies to coerced confessions.). Petitioner ignores this additional evidence, instead advancing in his motion for reconsideration that the only evidence against him, other than the confession, was

7

testimony from his co-defendant, who was allowed to plead to lesser charges. But this claim is not accurate. Petitioner neither addresses nor acknowledges the considerable additional evidence discussed in the court's opinion. As indicated therein, physical evidence, witness testimony, and recordings of several telephone calls that petitioner made to relatives in which he admitted his involvement in the shooting supported Petitioner's convictions. (ECF No. 22, PageID.1432-1434). More specifically, Julian Ruiz, who was seated in the back seat of the car next to Petitioner when the shooting occurred, testified against Petitioner at trial, identifying him as one of the shooters. (ECF No. 18-11, PageID.848-849, 6/28/13 Trial Tr. at 77-79). The police also located both 40- and 45-caliber fired cartridges at the scene of the crime (ECF No. 18-10, PageID.800-01, 6/27/13 Trial Tr. at 161–64), corroborating Ruiz's testimony that petitioner was armed with a 40-caliber semiautomatic and the other shooter had a 44- or 45-caliber weapon. (ECF No. 18-11, PageID.855, 6/28/13 Trial Tr. at 101). And Petitioner also confessed to several of his family members in recorded calls, which he never challenged. (ECF No. 18-19, PageID.1132-35, pp. 143-155; ECF No. 18-13, PageID.944–46, pp. 20-29 (playing recorded interview and providing transcript to jury); ECF No. 18-14, PageID.959, p. 17 (admitting recordings and transcript into evidence)). As such, any error in finding the confession voluntary and admissible was, at most, harmless error.

Accordingly, the court concludes that Petitioner has failed to demonstrate any palpable error and is merely presenting issues which were already ruled on by this court, either expressly or by reasonable implication, when the court denied the petition for a writ of habeas corpus. *Hence v. Smith*, 49 F. Supp. 2d 549, 553 (E.D. Mich. 1999). The motion for reconsideration is, therefore, **DENIED**.

Dated: November 9, 2021	s/Stephanie Dawkins Davis
	Stephanie Dawkins Davis
	United States District Judge